Peelle, J.,
delivered the opinion of the court:
The question in this case now arises on the claimant’s motion for a new trial on the grounds:
1. Error of law in the disallowance of his claim for an increase of 10 per cent on his pay proper from May 26,1900, to March 1, 1901, while serving in the Philippine Islands and China.
2. Error of law in the disallowance of 10 per cent increase on his pay proper from March 2,1901, to June 11, 1901, while *720 serving beyond the limits of the States comprising the Union and the Territories of the United States contiguous thereto.
3. Error of law in the disallowance of sea pay while traveling under orders on a merchant steamer.
In the former opinion in this case (38 C. Cls. R., 113) the right of the claimant to the 10 per cent increase on his pay proper under the acts of May 26,1900, and March 2,1901 (31 Stat. L., 211 and 903), was made to depend upon the second proviso to section 13, act March 3, 1899 (30 Stat. L,, 1007), and that ruling is made the basis in part for the motion for a new trial.
Section 13, act of 1899 (supra), reads:
“Section 13. That after June thirtieth, eighteen hundred and ninety-nine, commissioned officers of the line of the Navy and of the Medical and Pay Corps shall receive the same pay and allowances, except forage, as are or may be provided by or in pursuance of law for the officers of corresponding rank in the Army:
“Provided, That such officers when on shore shall receive the allowances, but fifteen per centum less pay than when on sea duty. * * *
“ Provided further, That when naval officers are detailed for shore duty beyond seas they shall receive the same pay and allowances as are or may be provided by or in pursuance of law for officers of the Army detailed for duty in similar places. * * *
u And provided further, That no provision of this act shall operate to reduce the present pay of any commissioned officer now in the Navy; and in any case in which the pajr of such an officer would otherwise be reduced he shall continue to receive pay according to existing law.”
The Army appropriation acts of May 26, 1900, and March 2, 1901 (supra), read:
“ For additional twenty per centum increase on pay of enlisted men, four million five hundred and twenty-four thousand seven hundred and fifteen dollars: Provided, That hereafter the pay proper of all officers and enlisted men serving in Porto Rico, Cuba, the Philippine Islands, Hawaii, and in the Territory of Alaska shall be increased ten per centum for officers and twenty per centum for enlisted men over and above the rates of pay proper as fixed by law in time of peace.
‘ ‘ For additional ten per centum increase on pay of officers serving at foreign stations, five hundred thousand dollars:
*721 “Provided, That hereafter the pay proper of all officers ■and enlisted men serving beyond the limits of the United States comprising the Union and the Territories of the United States contiguous thereto shall be increased ten per centum for officers and twentj'’ per centum for enlisted men over and above the rates of pay proper as fixed by law for time of peace, and the time of such service shall be counted from the date of departure from said States to the date of return thereto.
“ Provided further, That the officers and enlisted men who have served in China at any time since the twenty-sixth day of May, nineteen hundred, shall bo allowed and paid for such service the same increase of pay proper as is herein provided for * * *.”
It will be observed that the provisions of the act of May 26,1900, have reference to the services of officers and enlisted men of the Army in Cuba and in our island possessions, while tho provisions of the act of March 2, 1901, have reference to such service outside the United States and in China.
The claimant’s contention is that the acts granting the 10 per cent increase of the pay proper of such officers and enlisted men is made applicable to tho commissioned officers of the line of the Navy and of the Medical and Pay Corps by the enacting clause of section 13 of the act of 1899, above quoted. That clause provides that such naval officers “shall receive the samo pajr and allowances, except forage, as are or maj^ be provided by or in pursuance of law for the officers of corresponding rank in tho Army.”
The acts granting the 10 per cent increase to officers of the Amy are based on their “serving in Porto Pico, Cuba, the Philippine Islands, Hawaii, and in the Territory of Alaska,” and ‘ ‘ beyond the limits of the United States comprising the Union and the Territories of the United States contiguous thereto,” and in China since May 26, 1900.
As the primary purpose of those acts was to grant to officers and enlisted men in the Army 10 per cent increase on condition of their service in China, Cuba, and the territorial possessions named, tho court in its former opinion labored under the belief that to entitle naval officers to such increase it was incumbent upon them to show that they had, in the *722 language of the second proviso to section 13, been “detailed for shore duty beyond seas;” that is to say, to entitle naval officers to the 10 per cent increase it was held that they must perform shore service beyond seas at places similar to those where officers of the Army were detailed for duty.
The proviso preserves to naval officers when so detailed “the same pay and allowances” as that given to officers of the Army for like service, and hence when a naval officer is detailed “for shore duty beyond seas” he is entitled to the sea pay of his grade. This was the view taken in the former decision, but the court went further and held that such increase did not attach to the pay of naval officers while performing-sea service in the waters adjacent to those islands or in the Chinese waters, and herein, the claimant contends, lies the error of the court in respect to such increase in pay.
' The simple question, therefore, is: Do the acts granting the 10 per cent increase apply to naval officers while performing-sea service in those waters ? Clearly the purpose of the enacting clause of section 13 was to assimilate the pay of naval officers to army pay, and that is accomplished in the language of the clause, by giving them “the same pay and allowances, except forage, as are or may be provided by or in pursuance of law for the officers of corresponding rank in the Army.” The only exception there, stated is that the allowances shall not include forage.
The claimant’s services for which he claims the 10 per cent increase were rendered on the 17. S. S. Brooklyn and Oi’egon (vessels in commission) in the Chinese and Philippine waters in cooperation with the land forces of the United States, and the claimant thereby rendered valuable services to the Government.
On a review of this case we reach the conclusion that for the services rendered by the claimant in those waters ho is entitled to the increased pa}^ provided for. This, however, does not include the services rendered by the claimant in cruising along- the Pacific coast between San Francisco and Bremerton.
Nor does it apply in this case from the date of the claimant’s departure from the United States, January 6, 1900, as *723 at that date neither of tbe acts granting tbe 10 per cent increase bad been passed, but as tbe claimant did not return to tbe United States until after tbe act of March 2, 1901, be is entitled to tbe benefit of the 10 per cent increase under that act until bis return to tbe United, June 12, 1901.
Tbe question as to the basis upon which tbe 10 per cent should be computed was considered in the case of Irwin (ante, p. 87), and we there held that the term “ pay proper” included longevity pay, and upon that basis tbe claimant herein is entitled to have the 10 per cent increase computed.
And for the reasons .stated in the former opinion, following the case of Chauncey Thomas (38 C. Cls. R., — ), the claimant is entitled to travel pay from Barbados (where detached from the U. S. S. Lancaster) to New York, a distance of 2,106 miles, at the rate of 7 cents per mile, under the army appropriation act, March 3, 1899 (30 Stat. L., 1064, 1068), providing that “ hereafter the maximum to be allowed and paid to any officer of the Army shall be seven cents per mile, distance to be computed over the shortest usual traveled routes, * * * Provided further, That actual expenses only shall be paid officers when traveling to or from our island possessions in the Atlantic and Pacific oceans.”
As that act making an allowance for mileage is made applicable to naval officers by the enacting clause of section 13, aforesaid, the claimant is entitled to recover thereon, less the sum of $50 which was allowed him by the accounting officers as expenses, leaving due him the sum of ninety-seven dollars aiid forty-two cents ($97.42) on this item.
For the reasons given the motion for a new trial is allowed as to the 10 per cent increase for services rendered in the Asiatic waters, from May 26, 1900, to June 12, 1901, but for the reasons stated in the former opinion is overruled as to the sea pay claimed while traveling under the order of the Navy Department in a merchant vessel.
The former judgment is set aside and judgment is now entered on the findings heretofore filed in the sum of five hundred and sixty-eight dollars and twenty-nine cents ($568.29).